# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY A. MARI, | ) | Case No. 17-20688-KHT |
| SSN: XXX-XX-0410 | ) | |
| | ) | |
| ALEXANDRIA G. MARI, | ) | Chapter 7 |
| SSN: XXX-XX-3877 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JEANNE Y. JAGOW, Chapter 7 Trustee of the bankruptcy estate of Jeffrey A. Mari and Alexandria G. Mari | ) | Adv. Proc. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOHNEN FARMS, INC. and MICHAEL J. BOHNEN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Jeanne Y. Jagow, the chapter 7 trustee ("Trustee") of the bankruptcy estate of Jeffrey A. Mari and Alexandria G. Mari (individually or collectively the "Debtors") by and through her counsel, ONSAGER | FLETCHER | JOHNSON LLC, hereby files this Complaint as follows:

### PARTIES

1. On November 21, 2017 (the "Petition Date"), Debtors filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the District of Colorado. Trustee was the Chapter 7 trustee of Debtors' bankruptcy estate. On January 4, 2018, Debtors converted the case from Chapter 7 to Chapter 11. On February 8, 2018, the case was reconverted to Chapter 7.

2. Trustee is the duly appointed and acting Chapter 7 trustee of Debtors' bankruptcy estate.

3. Bohnen Farms, Inc. ("Bohnen Farms") is a Colorado corporation with its headquarters located at 23851 CR 40, Bethune, CO 80805.

4. Michael J. Bohnen ("Mr. Bohnen" and with Bohnen Farms, the "Bohnen Parties") is a Colorado resident who resides at 23851 CR 40, Bethune, CO 80805.

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b) and D.C.Colo.L.Civ.R. 84.1.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409.

8. Pursuant to Fed. R. Bankr. P. 7008, Trustee consents to entry of a final order or judgment by the Court.

## II. GENERAL ALLEGATIONS

**First National Bank**

9. Debtors ran a cattle operation in Burlington, Colorado, which consisted of three parts: (1) a feedlot for customer cattle; (2) a personal cow/calf operation; and (3) a custom haying operation. Debtors conducted their business personally, through their solely owned entity, Mari & Buol Cattlefeeders, Inc. ("Mari Feeders") and as a dba Mari Cattle & Haying ("Mari Cattle").

10. To fund their business ventures, Debtors borrowed funds, on a secured basis, from First National Bank of Omaha ("FNB").

11. On or around August 31, 2012, Mari Feeders, Debtors, and Mari Cattle executed a promissory note in the original principal amount of $2 million, as modified by subsequent change in terms agreements (the "$2 Million Note"), payable to FNB.

12. On or around August 31, 2012, Mari Feeders, Debtors, and Mari Cattle executed a promissory note in the original principal amount of $1.5 million, as modified by subsequent change in terms agreements (the "$1.5 Million Note"), payable to FNB.

13. On or around February 28, 2017, Mari Feeders, Debtors, and Mari Cattle executed a promissory note in the original principal amount of $4 million, as modified by subsequent change in terms agreements (the "$4 Million Note" and with the $2 Million Note and the $1.5 Million Note, the "Revolving Notes"), payable to FNB.

14. On information and belief, the Revolving Notes evidence revolving lines of credit properly secured by perfected security interests in livestock with loan advance rates tied to monthly borrowing base certificates itemizing, *inter alia*, livestock on hand to secure such advances.

15. On or around April 12, 2017, Mari Feeders, Debtors, and Mari Cattle, executed a promissory note in the original principal amount of $680,529.52, as modified by subsequent change in terms agreements (the "$680,529.52 Million Note" and with the Revolving Notes, the "Notes"), payable to FNB.

16. Beginning in 2015, Debtors falsely stated livestock numbers in borrowing base certificates submitted to FNB. Specifically, on information and belief, although the borrowing base certificates showed that Debtors' assets exceeded their liabilities, Debtors liabilities actually exceeded their assets. On information and belief, Debtors falsified the borrowing base certificates in order to: (a) induce FNB to advance funds under some or all of the Notes, and/or (b) create the false impression that some or all of the Notes were not in default, thereby defrauding FNB.

17. Accordingly, on October 2, 2017, FNB filed its Verified Complaint for Replevin, Appointment of a Receiver, and for Other Relief in the District Court, County of Kit Carson, State of Colorado, Case No. 2017CV30030.

18. On the Petition Date, Debtors owed $5,706,455.89 to FNB.

**Bohnen**

19. On information and belief, Jeffrey Mari and/or Alexandra Mari and Mr. Bohnen are friends and business partners.

20. Mr. Bohnen was the source of a $10,000 retainer paid to Guy Humphries, Debtors' bankruptcy counsel, for Mr. Humphries representation of Debtors in Debtors' bankruptcy case.

21. Prior to the Petition Date, Debtors had business transactions with the Bohnen Parties relating to Debtors' custom cattle business.

22. On information and belief, prior to the Petition Date, Debtors and the Bohnen Parties jointly purchased millions of dollars worth of cattle.

23. On Amended Schedule A/B, Debtors disclosed an interest in a 1993 Ranco Belly Dump trailer with a scheduled value of $5,500 jointly owned by Debtors and Bohnen Farms.

24. On information and belief, the business transactions between Debtors and the Bohnen Parties resulted in the formation of a general partnership (the "Partnership") under Colorado law. Specifically, Debtors and the Bohnen Parties carried on as co-owners a business for profit.

25. On information and belief, Debtors represented to third parties, including FNB, that they were "partners" of Mr. Bohnen and that they co-owned cattle with Mr. Bohnen that were located on Mr. Bohnen's property.

26. Third parties addressed invoices jointly to Debtor Jeff Mari and Mr. Bohnen.

27. On information and belief, Mr. Bohnen and/or Bohnen Farms sold cattle owned by Debtors and subject to FNB's lien.

28. On Schedule D, Debtors disclosed Bohnen Farms as a creditor with a secured claim in the amount of $20,621.00.

29. On April 2, 2018, Bohnen Farms, through Mr. Bohnen, filed a proof of claim in Debtors' bankruptcy case (the "Bohnen POC"). In the Bohnen Claim, Bohnen Farms asserts a claim in the amount of $33,412.20 secured by "receivables from feed sold."

30. On May 25, 2018, Bohnen Farms, through Mr. Bohnen, filed a Motion for Allowance and Payment of Administrative Expense Claim of Bohnen Farms Inc (the "Bohnen Admin Claim"). Trustee and FNB filed objections to the Bohnen Admin Claim. The Bohnen Admin Claim remains pending.

**Transfers to the Bohnen Parties**

31. Prior to the Petition Date, Debtors maintained a bank account at First National Bank, Account No. 0854 (the "Mari FNB Account").

32. Within one year prior to the Petition Date, Debtors transferred at least $43,979.60 to Bohnen Farms as follows (the "Preference Payments"):

| **Date** | **Clear Date** | **Amount** | **Check No.** |
|---|---|---|---|
| 5/2/2017 | 5/11/2017 | $10,500.00 | 1501 |
| 5/9/2017 | 5/11/2017 | $19,500.00 | 1502 |
| | 5/11/2017 | $13,979.60 | 1541 |
| | | **$43,979.60** | |

33. Within two years prior to the Petition Date, Debtors transferred at least $129,866.94 to Bohnen Farms from the Mari FNB Account as follows (the "2-Year Transfers"):

| **Date** | **Clear Date** | **Amount** | **Check No.** |
|---|---|---|---|
| 5/2/2017 | 5/11/2017 | $10,500.00 | 1501 |
| 5/9/2017 | 5/11/2017 | $19,500.00 | 1502 |
| | 5/11/2017 | $13,979.60 | 1541 |
| 9/1/2016 | 9/15/2016 | $9,958.99 | 1473 |
| 5/18/2016 | 5/31/2016 | $2,825.00 | 1333 |
| 3/15/2016 | 3/23/2016 | $2,163.40 | 1286 |
| 1/26/2016 | 1/29/2016 | $6,460.50 | 1248 |
| 11/30/2015 | 12/1/2015 | $64,479.45 | 1209 |
| | | **$129,866.94** | |

34. Within four years prior to the Petition Date, Debtors transferred at least $474,392.29 to Bohnen Farms from the Mari FNB Account as follows (the "Bohnen Farms Transfers"):

| Date | Clear Date | Amount | Check No. |
|---|---|---|---|
| 5/2/2017 | 5/11/2017 | $10,500.00 | 1501 |
| 5/9/2017 | 5/11/2017 | $19,500.00 | 1502 |
|  | 5/11/2017 | $13,979.60 | 1541 |
| 9/1/2016 | 9/15/2016 | $9,958.99 | 1473 |
| 5/18/2016 | 5/31/2016 | $2,825.00 | 1333 |
| 3/15/2016 | 3/23/2016 | $2,163.40 | 1286 |
| 1/26/2016 | 1/29/2016 | $6,460.50 | 1248 |
| 11/30/2015 | 12/1/2015 | $64,479.45 | 1209 |
| 11/5/2015 | 11/6/2015 | $46,862.21 | 1182 |
| 9/16/2015 | 9/23/2015 | $35,348.75 | 1131 |
| 8/21/2015 | 8/24/2015 | $30,431.62 | 383 |
| 6/12/2015 | 7/3/2015 | $33,859.50 | 817 |
| 7/22/2015 | 7/28/2015 | $32,009.83 | 829 |
| 5/15/2015 | 5/21/2015 | $35,342.04 | 898 |
| 4/26/2015 | 4/17/2015 | $32,281.74 | 371 |
| 4/20/2015 | 4/21/2015 | $8,093.12 | 886 |
| 3/11/2015 | 3/17/2015 | $26,808.50 | 868 |
| 2/16/2015 | 2/20/2015 | $28,488.04 | 798 |
| 12/31/2014 | 1/2/2015 | $35,000.00 | 768 |
|  |  | **$474,392.29** |  |

35. Within four years prior to the Petition Date, Debtors transferred at least $536,365.14 to Mr. Bohnen from the Mari FNB Account as follows (the "Mr. Bohnen Transfers" and with the Bohnen Farms Transfers, the "4-Year Transfers"):

| Date | Clear Date | Amount | Check No. |
|---|---|---|---|
| 9/4/2015 | 9/9/2015 | $78,847.04 | 1102 |
| 9/4/2015 | 9/9/2015 | $194,650.00 | 1106 |
| 8/21/2015 | 8/24/2015 | $70,000.00 | 385 |
| 8/14/2015 | 8/17/2015 | $150,535.47 | 849 |
| 4/9/2015 | 4/14/2015 | $8,176.33 | 879 |
| 2/24/2015 | 3/9/2015 | $3,225.00 | 852 |
| 2/27/2015 | 3/9/2015 | $1,025.00 | 853 |
| 3/6/2015 | 3/17/2015 | $4,476.32 | 660 |
| 3/6/2015 | 3/17/2015 | $1,475.00 | 861 |
| 3/6/2015 | 3/17/2015 | $1,900.00 | 862 |
| 3/13/2015 | 3/17/2015 | $560.00 | 870 |
| 3/16/2015 | 3/17/2015 | $1,825.00 | 871 |
| 3/24/2015 | 3/27/2015 | $9,332.48 | 874 |

| | | | |
|---|---|---|---|
| 2/6/2015 | 2/9/2015 | $5,050.00 | 789 |
| 2/10/2015 | 2/20/2015 | $1,737.50 | 792 |
| 2/16/2015 | 2/20/2015 | $2,475.00 | 797 |
| 2/17/2015 | 2/20/2015 | $1,075.00 | 799 |
| | | **$536,365.14** | |

36. After the Petition Date, Debtors maintained a bank account at Bank of the West, Account No. 1092 (the "DIP Account").

37. On information and belief, after Debtors converted their case from chapter 7 to chapter 11, Debtors made payments from the DIP Account to the Bohnen Parties from moneys received on accounts receivable owed to Debtors as of the Petition Date on account of debts owed to the Bohnen Parties prior to the Petition Date or borrowed from the Bohnen Parties by Debtors during the initial chapter 7 proceedings, including but not limited to:

| **Check No.** | **Date** | **Payee/Description** | **Amount** |
|---|---|---|---|
| 9901_ | 1/19/2018 | Bohnen Farms - #26 Wet Dist. | $15,856.80 |
| 99015 | 1/29/2018 | Bohnen Farms – Post-Pet. Nov. Wet. Dist #3 | $6,040.66 |
| 99020 | 2/2/2018 | Bohnen Farms – Bay Lp. Rental Jan. #C-7 | $2,500.00 |
| 99029 | 2/9/2018 | Bohnen Farms – Equip. Rental Feb. | $2,500.00 |
| 99028 | 2/9/2018 | Bohnen Farms – Medicare #9 | $378.66 |
| | | | **$27,216.12** |

(the "Bohnen Farms Post-Petition Payments").

38. On information and belief, Debtors also transferred funds from the DIP Account to Mr. Bohnen as follows:

| **Check No.** | **Date** | **Payee/Description** | **Amount** |
|---|---|---|---|
| 99019 | 2/9/2018 | Mike Bohnen – part re-pay bridge loan | $5,000.00 |

(the "Mr. Bohnen Post-Petition Payment" and with the Bohnen Farms Post-Petition Payments, the "Post-Petition Payments").

**The District Court Case**

39. On or around February 5, 2019, Debtors were indicted for bankruptcy fraud and aiding and abetting pursuant to 18 U.S.C. §§ 2 and 157(1), Case No. 1:19-cr-00052-JLK in the United States District Court for the District of Colorado (the "District Court Case").

6

40. In the District Court Case, Debtors plead guilty to bankruptcy fraud and aiding and abetting the same. A copy of Jeffrey Mari's plea agreement is attached hereto as **Exhibit A** and incorporated herein by reference. A copy of Alex Mari's plea agreement is attached hereto as **Exhibit B** and incorporated herein by reference.

41. In the plea agreements, Debtors admitted the following:

    a. Debtors "began lying on the borrowing base certificates as early as 2015";

    b. FNB "reasonably relied upon their false statements to extend them credit which would not have been extended had they" completed the borrowing base certificates truthfully;

    c. On August 15, 2017, Debtors signed a Borrowing Base Certificate claiming they owned "3446 cattle, worth $4,624,600.0 . . . when in fact there were only approximately 743 cattle in the Maris' possession, which subsequently sold at auction for $677,895.07"; and

    d. As of August 1, 2017, Debtors owed $6,180,530.00 to FNB;

**FIRST CLAIM FOR RELIEF**
**(Avoidance of the Preference Payments**
**Pursuant to 11 U.S.C. § 547(b))**
**(Against Bohnen Farms)**

42. Trustee incorporates her previous allegations.

43. The Preference Payments were transfers of an interest in property of Debtors because the money came from a bank account in the name of Debtors.

44. On information and belief, the Bohnen Parties are creditors of Debtor. Specifically, on information and belief, the Bohnen Parties incurred expenses relating to the Partnership for which Debtors were liable as partners.

45. On information and belief, the Preference Payments were made on account of antecedent debt owed by Debtors before the Preference Payments were made. Specifically, on information and belief, the Preference Payments represented Debtors' share of partnership expenses paid by the Bohnen Parties.

46. The Preference Payments were made while Debtors were insolvent.

47. The Preference Payments were made within one year prior to the Petition Date.

48. The Bohnen Parties are insiders of Debtors. Insider status is shown by, among other things, the facts alleged in paragraphs 19-30.

49. The Preference Payments enabled Bohnen Farms to receive more than it would have received if:

      a. The case were a case under chapter 7;

      b. The Preference Payments had not been made; and

      c. Bohnen Farms received payment in accordance with the Bankruptcy Code.

50. Trustee is entitled to judgment against Bohnen Farms in the amount of the Preference Payments pursuant to 11 U.S.C. § 547.

51. Trustee may recover the Preference Payments from Bohnen Farms pursuant to 11 U.S.C. § 550.

**SECOND CLAIM FOR RELIEF**
**(Avoidance and Recovery of the 2-Year Transfers**
**Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)**
**(Against Bohnen Farms)**

52. Trustee incorporates her previous allegations.

53. The Transfers were of an interest in property of Debtors, as the money came from a bank account in the name of Debtors.

54. The 2-Year Transfers were made within two years prior to the Petition Date.

55. The 2-Year Transfers were made with actual intent to hinder, delay and defraud Debtors' creditors. Actual intent is shown by, among other things, the following:

      a. The Bohnen Parties are insiders of Debtor;

      b. Debtors were insolvent at the time of or became insolvent as a result of the 2-Year Transfers;

      c. The 2-Year Transfers were not disclosed;

      d. The 2-Year Transfers occurred shortly before or shortly after a substantial debt was incurred;

      e. Debtors admitted that Alex Mari "started lying about the number of cattle they had on the borrowing base certificates in 2015";

      f. Debtors admitted that "they made false and misleading representations to the bankruptcy trustee and FNB regarding the status of collateral, both equipment and

number of cattle, on the FNB loans" and that FNB would not have extended credit had they told the truth; and

   g.  On information and belief, Debtors received less than reasonably equivalent value in exchange for the Transfers.

  56.  Trustee is entitled to judgment against Bohnen Farms in the amount of the 2-Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

  57.  Trustee may recover the 2-Year Transfers from Bohnen Farms pursuant to 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF
### (Avoidance and Recovery of the 2-Year Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)
### (Against Bohnen Farms)

  58.  Trustee incorporates her previous allegations.

  59.  The 2-Year Transfers were of an interest in property of Debtors, as the money came from a bank account in the name of Debtors.

  60.  The 2-Year Transfers were made within two years prior to the Petition Date.

  61.  On information and belief, Debtors received less than reasonably equivalent value in exchange for the 2-Year Transfers.

  62.  Debtors were insolvent on the date each of the 2-Year Transfers were made or became insolvent as a result of such transfers.

  63.  Debtors were engaged in business or a transaction or were about to engage in business or a transaction for which any property remaining with Debtors was an unreasonably small capital.

  64.  Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

  65.  Trustee is entitled to judgment against Bohnen Farms in the amount of the 2-Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

  66.  Trustee may recover the 2-Year Transfers from Bohnen Farms pursuant to 11 U.S.C. § 550.

## FOURTH CLAIM FOR RELIEF
(Avoidance and Recovery of the 4-Year Transfers
Pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(a))
(Against the Bohnen Parties)

67. Trustee incorporates her previous allegations.

68. The Transfers were of an interest in property of Debtors, as the money came from a bank account in the name of Debtors.

69. The 4-Year Transfers were made within four years prior to the Petition Date.

70. The 4-Year Transfers were made with actual intent to hinder, delay and defraud Debtors' creditors. Actual intent is shown by, among other things, the following:

 a. The Bohnen Parties are insiders of Debtor;

 b. Debtors were insolvent at the time of or became insolvent as a result of the 4-Year Transfers;

 c. The 4-Year Transfers were not disclosed;

 d. The 4-Year Transfers occurred shortly before or shortly after a substantial debt was incurred;

 e. Debtors admitted that Alex Mari "started lying about the number of cattle they had on the borrowing base certificates in 2015";

 f. Debtors admitted that "they made false and misleading representations to the bankruptcy trustee and FNB regarding the status of collateral, both equipment and number of cattle, on the FNB loans" and that FNB would not have extended credit had they told the truth; and

 g. On information and belief, Debtors received less than reasonably equivalent value in exchange for the 4-Year Transfers.

71. Trustee is entitled to judgment against Bohnen Farms in the amount of the Bohnen Farms Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(a).

72. Trustee may recover the Bohnen Farms Transfers from Bohnen Farms pursuant to 11 U.S.C. § 550.

73. Trustee is entitled to judgment against Mr. Bohnen in the amount of the Mr. Bohnen Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(a).

74. Trustee may recover the Mr. Bohnen Transfers from Mr. Bohnen pursuant to 11 U.S.C. § 550.

**FIFTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of the 4-Year Transfers**
**Pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(b))**
**(Against the Bohnen Parties)**

75. Trustee incorporates her previous allegations.

76. The 4-Year Transfers were of an interest in property of Debtors, as the money came from a bank account in the name of Debtors.

77. The 4-Year Transfers were made within four years prior to the Petition Date.

78. On information and belief, Debtors received less than reasonably equivalent value in exchange for the 4-Year Transfers.

79. Debtors were insolvent on the date each of the 4-Year Transfers were made or became insolvent as a result of such transfers.

80. Debtors were engaged in business or a transaction or were about to engage in business or a transaction for which any property remaining with Debtors was an unreasonably small capital.

81. Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

82. Trustee is entitled to judgment against Bohnen Farms in the amount of the Bohnen Farms Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(b).

83. Trustee may recover the Bohnen Farms Transfers from Bohnen Farms pursuant to 11 U.S.C. § 550.

84. Trustee is entitled to judgment against Mr. Bohnen in the amount of the Mr. Bohnen Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-105(1)(b).

85. Trustee may recover the Mr. Bohnen Transfers from Mr. Bohnen pursuant to 11 U.S.C. § 550.

**SIXTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of the 4-Year Transfers**
**Pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-106(1))**
**(Against the Bohnen Parties)**

86. Trustee incorporates her previous allegations.

87. The 4-Year Transfers were of an interest in property of Debtors, as the money came from a bank account in the name of Debtors.

88. The 4-Year Transfers were made within four years prior to the Petition Date.

89. Debtors received no value in exchange for the 4-Year Transfers.

90. Debtors were insolvent at the time of the 4-Year Transfers.

91. Trustee is entitled to judgment against Bohnen Farms in the amount of the Bohnen Farms Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-106(1).

92. Trustee may recover the Bohnen Farms Transfers from Bohnen Farms pursuant to 11 U.S.C. § 550.

93. Trustee is entitled to judgment against Mr. Bohnen in the amount of the Mr. Bohnen Transfers pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-106(1).

94. Trustee may recover the Mr. Bohnen Transfers from Mr. Bohnen pursuant to 11 U.S.C. § 550.

### SEVENTH CLAIM FOR RELIEF
### (Avoidance and Recovery of the Post-Petition Payments
### Pursuant to 11 U.S.C. § 549)
### (Against the Bohnen Parties)

95. Trustee incorporates her previous allegations.

96. The Post-Petition Payments were transfers of property of the estate because the money came from Debtors' DIP account.

97. The Post-Petition Payments were not authorized under the Bankruptcy Code or by the Court.

98. Trustee is entitled to judgment against Bohnen Farms in the amount of the Bohnen Farms Post-Petition Payments pursuant to 11 U.S.C. § 549.

99. Trustee may recover the Bohnen Farms Post-Petition Payments from Bohnen Farms pursuant to 11 U.S.C. § 550.

100. Trustee is entitled to judgment against Mr. Bohnen in the amount of the Mr. Bohnen Post-Petition Payment pursuant to 11 U.S.C. § 549.

101. Trustee may recover the Mr. Bohnen Post-Petition Payment from Mr. Bohnen pursuant to 11 U.S.C. § 550.

**EIGHTH CLAIM FOR RELIEF**
**(Disallowance of Claims pursuant to 11 U.S.C. § 502(d))**
**(Against the Bohnen Parties)**

102. Trustee incorporates her previous allegations.

103. Bankruptcy Code § 502(d) provides:

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547, 548, 549 . . . of this title, unless such entity or transferee has paid the amount, or turned over such property.

104. In this proceeding, Trustee requests that the Court disallow all claims held by the Bohnen Parties against the estate pursuant to 11 U.S.C. § 502(d) if the Bohnen Parties are holding any payment avoidable and recoverable under 11 U.S.C. §§ 547, 548, 549 and/or 550. In this proceeding, Trustee is not objecting to the allowance of any claim held by the Bohnen Parties on any other ground, and expressly reserves the right to object to claims asserted by the Bohnen Parties on any other ground by filing an objection in the main bankruptcy case.

105. Trustee asserts that through discovery, it may become known that additional payments were made by Debtors to the Bohnen Parties. Trustee asserts that all or a portion of such additional payments may be avoidable under 11 U.S.C. §§ 544, 547, 548, 549, and/or Colo. Rev. Stat. §§ 38-8-105 or 106 and are included herein in the definition of the transfers described herein. To the extent necessary, Trustee reserves the right to amend this Complaint to include such additional payments.

WHEREFORE, Trustee requests that the Court enter an Order:

a. Pursuant to 11 U.S.C. § 547, avoiding the Preference Payments and entering judgment in Trustee's favor and against Bohnen Farms under 11 U.S.C. § 550 in the amount of $43,979.60;

b. Pursuant to 11 U.S.C. § 548(a)(1)(A) and (B), avoiding the 2-Year Transfers and entering judgment in Trustee's favor and against Bohnen Farms in the amount of $129,866.94;

c. Pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. §§ 38-8-105(1)(a) and (b), avoiding the 4-Year Transfers and entering judgment in Trustee's favor and against Bohnen Farms in the amount of $474,392.29 and against Mr. Bohnen in the amount of $536,365.14;

d. Pursuant to 11 U.S.C. § 544 and Colo. Rev. Stat. § 38-8-106(1), avoiding the 4-Year Transfers and entering judgment in Trustee's favor and against Bohnen Farms in the amount of $474,392.29 and against Mr. Bohnen in the amount of $536,365.14;

  e. Pursuant to 11 U.S.C. § 549, avoiding the Post-Petition Payments and entering judgment in Trustee's favor and against Bohnen Farms in the amount of $27,216.12 and against Mr. Bohnen in the amount of $5,000; and

  f. Pursuant to 11 U.S.C. § 502(d), disallowing all claims held by the Bohnen Parties against the estate to the extent the Bohnen Parties are holding avoidable transfers; and

  g. For such other relief as the Court deems proper.

Date: November 20, 2019.       Respectfully submitted,

               **ONSAGER | FLETCHER | JOHNSON LLC**

               */s/ Joli A. Lofstedt*
               Joli A. Lofstedt, Esq. #21946
               J. Brian Fletcher, #28629
               Gabrielle G. Palmer, #48948
               1801 Broadway, Suite 900
               Denver, CO 80202
               Tel. (720) 457-7964
               joli@OFJlaw.com
               jbfletcher@OFJlaw.com
               gpalmer@OFJlaw.com

               *Counsel to Jeanne Y. Jagow*
               *Chapter 7 Trustee*